### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

**LAWRENCE L. CRAWFORD** *et al*.                                              **PETITIONERS**

**v.**                                                         **CIVIL ACTION NO. 3:13CV-P434-H**

**UNNAMED**                                                                    **RESPONDENT**

### MEMORANDUM OPINION

      Lawrence L. Crawford, Anthony Cook, Aerialle T. Crawford, and Quinta D. Lee, all filed a document with this Court which they captioned "Affidavit of Facts and or Motion Seeking Writ of Mandamus; Motion For Declaratory Judgment" (DN 1).  Petitioner Lawrence Crawford was the only Petitioner to provide an address to the Court.  On May 15, 2013, the Court entered an Order directing Petitioners to correct numerous defects in this action (DN 4).  Petitioners were given 30 days from the date of the Order to remedy the deficiencies.  The 30 days have passed, and Petitioners have not remedied the deficiencies or otherwise responded to the Order.

      Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court.  *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal.").  Additionally, courts have inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).  Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency for failure to comply with court deadlines and other procedures

readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Jourdan v. Jabe*, 951 F.2d at 110.

      Because Petitioners failed to comply with the Court's Order (DN 4), the Court concludes that they have abandoned any interest in prosecuting this action.

      Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc:    Petitioner Lawrence Crawford, *pro se*
4412.003